**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JAMES W. EMERSON, #56867** | § | |
|     *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22cv291** |
| | § | |
| **DENTON CNTY.  MED. STAFF,** | § | |
|     **ET AL.,** *Defendant*s | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff James W. Emerson filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983.  On June 29, 2023, mail (an order of the court, ordering Plaintiff to file an amended complaint) that was sent to Plaintiff was returned and stamped, "Return to Sender - Insufficient Address - Unable to Forward," and in handwriting on the envelope, it was also noted, "No longer here," "RTS," and "Refused" (Dkt. #8).   "A pro se litigant must provide  the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."   Local Rule CV-11(d). The court is unaware of Plaintiff's whereabouts, and it is futile to re-send the Order to Cooke County Detention Center given the notations on the returned mail.  As Plaintiff has failed to provide the court with a current physical address, Plaintiff's case should be dismissed for failure to prosecute.  Fed. R. Civ. P. 41(b).

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely to whether the court's discretion was abused.  *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979);  *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.  1978)  Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action

whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir.  1980).  The present case should be dismissed as Plaintiff has failed to prosecute the case.

The Fifth Circuit has repeatedly held that dismissal with prejudice for failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).   A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793.   In the present case, Plaintiff's  intentions and actions do not threaten the judicial process; thus, a dismissal without prejudice is the best course of action at this time.

## RECOMMENDATION

It is therefore recommended that this case be dismissed without prejudice.  Fed. R. Civ. P. 41(b).  Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)( C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such

consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 4th day of July, 2023.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

3